**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PNC BANK,**

    **Plaintiff,**

v.                                                     **Case No. 8:18-cv-744-T-30AAS**

**TOLULOPE OLASUNKANMI,**

    **Defendant.**
_____/

## ORDER

PNC Bank moves to compel Tolulope Olasunkanmi to respond to PNC Bank's post-judgment discovery requests. (Doc. 18). The January 8th order directed Mr. Olasunkanmi to respond to PNC's motion by January 22nd. (Doc. 21). The deadline for Mr. Olasunkanmi to submit his response passed, and he submitted no response.

Federal Rule of Civil Procedure 69(a)(2) states the following:

> ***Obtaining Discovery.*** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules of by the procedure of the state where the court is located.

The scope of discovery under Rule 69(a)(2) is the same as the scope of discovery under Rule 26(b)(1). *United States v. McWhirter*, 376 F.2d 102, 105–06 (5th Cir. 1967) (citations omitted);[1] *see also Pellegrino v. Koeckritz Development of Boca Raton, LLC*, No. 08-80164-CIV-MARRA/JOHNSON, 2009 WL 10701174, at *2 (S.D. Fla. Aug. 14,

---

[1] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

1

2009) (citing *McWhirter*). That is, a party may obtain post-judgment discovery about relevant, nonprivileged material if the discovery requests are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *Pellegrino*, 2009 WL 10701174 at*2.

PNC Bank has a money judgment against Mr. Olasunkanmi. (Doc. 11). Under Rule 69(a)(2), PNC Bank is entitled to obtain post-judgment discovery of relevant, nonprivileged material if its requests are proportional to the needs of the case.

The January 8th order pointed out a party's failure to respond to a motion indicates the motion is unopposed. *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-6006-ORL-31TBS. 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (citations omitted). Mr. Olasunkanmi's failure to respond to PNC Bank's motion, therefore, indicates PNC Bank's motion is unopposed.

The court reviewed PNC Bank's thirty-nine discovery requests (Doc. 18, pp. 22–27) and finds all but two requests relevant and proportional to the needs of the case. The two requests not apparently relevant or proportional to the needs of PNC Bank's judgment-collection efforts are the following:

> 20. All passport books for the Judgment Debtor, whether current or expired.
>
> . . .
>
> 25. Copies of all frequent flier, hotel award, or other comparable travel club of the Judgment Debtor for the past five (5) years preceding the date of response.

(Doc. 18, pp. 24–25). The undersigned fails to see the relevance of Mr. Olasunkanmi's current or expired passport books, frequent-flier miles, or hotel or other awards, to

his current financial condition and current ability to pay PNC Bank's judgment. PNC Bank's motion to compel responses to Request Numbers 20 and 25 is therefore denied without prejudice.

PNC Bank is entitled to post-judgment discovery under Federal Rule of Civil Procedure 69(a)(2). Mr. Olasunkanmi failed to respond to PNC Bank's motion to compel responses to post-judgment discovery requests. PNC Bank's motion to compel (Doc. 18) is therefore **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

1. PNC Bank's motion to compel responses to Request Numbers 1–19, 21–24, and 26–39 is **GRANTED**.

2. PNC Bank's motion to compel responses to Request Numbers 20 and 25 is **DENIED without prejudice**.

3. The Clerk is **DIRECTED** to mail a copy of this order to Mr. Olasunkanmi at his address listed below.

**ORDERED** in Tampa, Florida, on January 29, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc: Tolulope Olasunkanmi (via U.S. mail)
7750 92nd Street
Apt. 202
Seminole, FL 33777